IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Inez Singleton, | ) | |
|     Plaintiff, | ) | Civil Action No.: 2:19-cv-02629-JMC |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| C. R. Bard, Incorporated and Bard Peripheral Vascular, Incorporated, | ) ) | |
| | ) | |
|     Defendants. | ) ) | |

This matter is before the court for review of Plaintiff Inez Singleton's and Defendants C. R. Bard, Incorporated and Bard Peripheral Vascular, Incorporated's Joint Motion to Transfer Venue under 28 U.S.C. § 1404(a). (ECF No. 21 at 1.) For the reasons stated herein, the court **GRANTS** this Joint Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her Complaint against Defendants in the United States District Court for the District of Arizona on April 10, 2017. (ECF No. 1.) In her Complaint, Plaintiff alleges that on February 28, 2014, she had a Bard Eclipse filter implanted in her inferior vena cava. (*Id.* at 3.) The filter subsequently migrated and her physicians were unable to retrieve it in two separate attempts. (*Id.*) As a result, Plaintiff suffered damages in an amount to be proven at trial. (*Id.*) Plaintiff filed this product liability action, seeking damages arising out of the incident. (*Id.*) On April 27, 2020, Plaintiff and Defendants filed this Joint Motion to Transfer this case to the United States District Court for the Western District of Wisconsin, Madison Division. (ECF No. 21 at 1.)

## II. ANALYSIS

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it

1

might have been brought or to any district or division to which all parties have consented." *Id.* Federal courts must evaluate a motion to transfer on an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). "The party seeking a transfer under § 1404(a) bears the burden of demonstrating that a change in venue is proper." *See Del Zotto v. Universal Physician Servs., LLC*, 214 F. Supp. 3d 499, 501 (D.S.C. 2016) (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)).

Generally, when deciding a venue transfer request, a district court should consider "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trs. Of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Svcs., Inc.,* 791 F.3d 436, 444 (4th Cir. 2015). In harmony with the Fourth Circuit's precedent, federal district courts have also evaluated the following discretionary factors in a transfer motion:

> (1) the plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of the judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness of having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws.

*Chick v. Johnson*, Civil Action No. 0:18-cv-00814-JMC, 2018 U.S. Dist. LEXIS 180415, at *9 (D.S.C. Oct. 19, 2018) (citing *Broadus v. Delta Air Lines, Inc.*, 101 F. Supp. 3d 554, 561-62 (M.D.N.C. 2015)). On balance, these factors must be in favor of the moving party. *Id.* Ultimately, a transfer of venue must "promote the just and efficient" process of litigation. *Id.* (Citing *Fairchild Semiconductor Corp. v. Nintendo Co., Ltd.*, 810 F. Supp. 173, 175 (D.S.C. 1992)).

In the instant case, both parties stipulate that under 28 U.S.C. § 1404(a), this action should

2

be transferred to the United States District Court for the Western District of Wisconsin, Madison Division, that Wisconsin is the more appropriate venue for the convenience of the parties and in the interest of justice. (ECF No. 21 at 1.) Further, the implantation took place at UnityPoint Health Meriter (f/k/a Meriter Hospital) in Madison, Wisconsin, where Plaintiff was temporarily visiting and where she suffered a health emergency. (*Id.* at 2.) Because "the events or omissions giving rise to the claim" occurred in the Western District of Wisconsin, venue is proper in the transferee court. 28 U.S.C. § 1391(b)(2). Subject matter jurisdiction remains unaffected by this transfer of venue, as all parties will remain completely diverse and the amount in controversy will remain in excess of $75,000. (ECF No. 1 at 2.)

Additionally, Wisconsin appears to be a better venue for witness convenience. Nearly all of the fact witnesses as to Plaintiff's implantation, prognosis, and Defendants' sales and representations to Plaintiff and her doctors reside in the Western District of Wisconsin. (ECF No. 21 at 3.) While Plaintiff and her explanting doctors reside in South Carolina, the majority of this case's discovery and depositions will need to be conducted in Wisconsin. (*Id.* at 4.) Therefore, transferring this case to Wisconsin is in the interest of justice and for the convenience of the parties.

### III. CONCLUSION

After a thorough review of Plaintiff's and Defendants' Joint Motion to Transfer (ECF No. 21), the court **GRANTS** this Motion. It is hereby **ORDERED** that this matter be **TRANSFERRED** to the United States District Court for the Western District of Wisconsin, Madison Division.

**IT IS SO ORDERED.**

                                                      *J. Michelle Childs*
United States District Judge

June 18, 2020
Columbia, South Carolina